**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CESAR DURAN-RODRIGUEZ, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 18-72614 Agency No. A098-427-334 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 19, 2019[**]

Before:      SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

Cesar Duran-Rodriguez, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We review for abuse of discretion the denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We review de novo claims of due process violations. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

The BIA did not err in declining to consider Duran-Rodriguez's arguments concerning the untimeliness of his asylum application that were raised for the first time to the BIA. *See Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019) (BIA did not err in declining to consider argument raised for the first time on appeal); *Matter of J-Y-C-*, 24 I. & N. Dec. 260, 261 n.1 (BIA 2007) (issues not raised to the IJ are not properly before the BIA on appeal); *see also Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)). Thus, his asylum claim fails.

The BIA did not abuse its discretion in denying Duran-Rodriguez's motion to reopen and remand, where he failed to establish that his newly submitted evidence was material or previously unavailable. *See Najmabadi*, 597 F.3d at 986

2                                                                                          18-72614

(BIA may deny a motion to reopen for failure to introduce previously unavailable, material evidence).

Substantial evidence supports the agency's determination that Duran-Rodriguez failed to establish nexus to a protected ground. *See Garcia-Milian*, 755 F.3d at 1033; *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Thus, his withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT relief because Duran-Rodriguez failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Duran-Rodriguez's contentions that the agency violated his due process rights are unpersuasive. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (petitioner must show error to prevail on a due process claim).

Duran-Rodriguez's contention that the immigration court lacked jurisdiction over his case is unpersuasive. *See Karingithi v. Whitaker*, 913 F.3d 1158, 1160-62

(9th Cir. 2019) (initial notice to appear need not include time and date information to vest jurisdiction in immigration court).

We deny petitioner's request to remand, raised in the opening brief, in order to apply for cancellation of removal in the first instance in light of *Pereira v. Sessions*, 138 U.S. 2105 (2018), without prejudice to the filing of a motion to reopen with the agency.

**PETITION FOR REVIEW DENIED.**

18-72614